For meaning of Abreviations, See Ternary Digest, page XII.

### No. 824

CLEVELAND RY. CO. v. MARVIN, et

No. 19967. Supreme Court

On motion to certify. Dock. July 12, 1926; 4 Abs. 493.

966. PROXIMATE CAUSE—In an action for negligence is the question of proximate cause always a question for the jury?

This action was brought originally by John Marvin in the Cuyahoga Common Pleas against the Cleveland Railwawy Company and L. C. Quade for damages resulting from personal injuries by reason of the alleged negligence of the defendants.

It appears that Marvin after requesting the conductor of the street car to notify him when a certain stop was reached asked the conductor if he had not reached his intended destination and thereupon, as the car had passed the stop desired, the conductor opened the door of the car while the car was moving in order to allow Marvin to alight. Marvin upon stepping from the car was injured by being struck by an automobile driven by the defendant Quade.

The judgment of the Common Pleas in favor of Marvin against the Railway Company but not against Quade was affirmed by the Court of Appeals on the ground that even though Marvin had committed negligence per se in alighting from the car contrary to a city ordinance that it was still a question of fact for the jury to determine whether such negligence was the proximate cause of the injury.

The Company in the Supreme Court contends: that the court should have directed a verdict in its favor.

Attorneys—Squire, Sanders & Dempsey for Company; Bernon, Mulligan, Keeley & Lever for Marvin; all of Cleveland.

### No. 825

HOCK. VALLEY RY. CO. v. ROSE, Admr.

No. 19958. Supreme Court

On motion to certify. Dock. July 7, 1926; 4 Abs. 475.

941. PRACTICE & PROCEDURE—Where a Court of Appeals reverses a judgment of a Common Pleas Court and remands the case for retrial, which judgment is favorable to the original defendant and said original defendant does not take the case to the Supreme Court is the law as laid down by the Court of Appeals final?

This action was brought originally in the Gallia Common Pleas by W. M. Rose, administrator against the Hocking Valley Railway Company for damages resulting from the alleged wrongful death of the deceased.

It appears that the decedent was killed by being struck by a locomotive of the Company while said decedent was crossing the tracks of said company. The company in its answer set up contributory negligence.

The judgment of the Common Pleas in favor of the administrator was reversed by the Court of Appeals for errors in the charge and upon retrial the judgment of the Common Pleas in favor of the administrator was affirmed by the Court of Appeals on the ground that "The pronouncement of this court upon the former hearing has become the 'law of the case', and neither this court nor the Supreme Court has any authority to set it aside." The Company in the Supreme Court contends:

1. That "the law of the case" is not applicable because the company succeeded in the Court of Appeals and had no grounds upon which to take the case to the Supreme Court.

2. The court erred in its charge to the jury.

Attorneys—Wilson & Rector, F. C. Amos, Columbus, and H. C. Johnston, Gallipolis, for Company; K. M. Sweetzer, Gallipolis, for Rose.